

```
                                              FILED
                                           AUG 1 1 2005
                                    UNITED STATES BANKRUPTCY COURT
                                    EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re | ) | Case No. 05-27860 |
|---|---|---|
| TASANEE MACEDON, | ) | DC No. EJS -01 |
| Debtor. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtor filed this voluntary chapter 7 petition on June 28, 2005. No schedules have been filed and the meeting of creditors has not been held.

18

On July 6, 2005, Riverpoint Park ("movant") filed a motion, notice, and declaration requesting relief from the automatic stay in order to proceed with eviction. The hearing on the motion was set for August 9, 2005. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

Movant owns residential property located at 2081 West La Loma Drive, #103, Rancho Cordova, CA. Debtor rents said property from movant. On June 22, 2005, movant obtained a Writ of Possession against the debtor in an unlawful detainer action in the Superior Court of California, County of Sacramento. The eviction process was halted by the filing of the debtor's bankruptcy petition.

### Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because the debtor rents the property and does not own

the property, the property is not property of the estate, and hence the debtor has no equity in the property.

Accordingly, the motion is granted.

An appropriate order will issue.

Dated: August 11, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Tasanee Macedon
2081 W. La Loma Drive #103
Rancho Cordova, CA 95670

John Roberts
P.O. Box 1506
Placerville, CA 95667-1506

Riverpoint Park
c/o Law Offices of Nelson & Schwab
1420 River Park Drive, Suite 140
Sacramento, CA 95814

Office of the United States Trustee
United States Courthouse
501 I Street, Suite 7-500
Sacramento, CA 95814

Dated: 8/16/05

_____
Deputy Clerk